Ryan J. Cooper
**COOPER, LLC – COUNSELORS AT LAW**
108 N. Union Ave., Suite 4
Cranford, NJ 07016
ryan@cooperllc.com
908.514.8830 x101
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. THILLY, <br><br> Plaintiff, <br><br> v. <br><br> TOWNSHIP OF CRANFORD, NEW JERSEY, TOWNSHIP COMMITTEE OF THE TOWNSHIP OF CRANFORD, TERRENCE CURRAN, KATHLEEN MILLER PRUNTY, PAUL A. GALLO, BRIAN ANDREWS, GINA BLACK, and THOMAS SLATTERY, <br><br> Defendants. | **CIVIL ACTION** <br><br> **Civil Acton No.** _____ <br><br> **NOTICE OF REMOVAL** |

Defendants the Township of Cranford, Township Committee of the Township of Cranford, Terrence Curran, Kathleen Miller Prunty, Paul A. Gallo, Brian Andrews, Gina Black and Thomas Slattery (collectively, "Defendants"), by and through their undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 hereby give notice of the removal of this civil action from the Superior Court of the New Jersey Law Division for Union County, Case No. UNN-L-004514-25, to the United States District Court for the District of New Jersey. In support of its removal, Defendants state:

## I.    PROCEDURAL BACKGROUND

1.    Plaintiff in this action is William Thilly, a natural person and resident of the Township of Cranford who, on information and belief, resides at 22 Bloomingdale Avenue, Cranford, New Jersey 07016.

2.      Defendants in this action are,

    a.   The Township of Cranford, a political subdivision of the State of New Jersey, Union County, organized under the Township form of government pursuant to N.J.S.A. 40A:63-1, with a principal place of business at 8 Springfield Avenue, Cranford, NJ 07016.

    b.   The Township Committee of the Township of Cranford (the "Township Committee"), the governing body of the Township of Cranford delegated, pursuant to N.J.S.A. Title 40A and the municipal code of the Township of Cranford, with exercising the legislative and executive functions necessary to the existence and welfare of the Township.

    c.   All five individual members of the Township Committee: Terrence Curran, Kathleen Miller Prunty, Paul A. Gallo, Brian Andrews, and Gina Black, each a natural person duly elected by the residents of the Township of Cranford as members of the Township Committee; and

    d.   Thomas Slattery, a natural person appointed by the Township Committee pursuant to N.J.S.A. 40A:9-13 and designated as the municipal attorney to, *inter alia*, advise the Mayor, Township Committee, Township Administrator and other committees, on any and all legal matters relating to the township government.

3.      On November 24, 2025, Plaintiffs filed a complaint against Defendants in the Superior Court of New Jersey Law Division for Union County, captioned *William F. Thilly v. Township of Cranford, et al.*, Case No. UNN-L-004514-25 (the "State Court Action"). In the complaint, Plaintiff assert claims against Defendants for alleged violations of 42 U.S.C. § 1983, the First Amendment to of the U.S. Constitution, the First Amendment to the N.J. Constitution,

the New Jersey Civil Rights Act (N.J.S.A. 10:6-2), New Jersey's Anti-SLAPP Statute (N.J.S.A. 2A:53A-50), and New Jersey's Open Public Meetings Act (N.J.S.A. 10:4-6).

4.     Defendants were served with the Summons and Complaint on December 3, 2025, a true and correct copy of which is attached hereto as **Exhibit A**.

5.     Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because Defendants are filing this Notice of Removal within 30 days after receipt via service of the Plaintiffs' initial pleading on December 3, 2025.

## II.     REMOVAL IS PROPER UNDER FEDERAL QUESTION JURISDICTION

6.     Removal is proper pursuant to 28 U.S.C § 1441 because this is a civil action over which this Court has original jurisdiction pursuant 28 U.S.C. § 1331, because this action arises under the Constitution and laws of the United States.

7.     Specifically, Plaintiff alleges Defendants inhibited his "peaceful, lawful, protected First Amendment expression," (Compl. ¶ 21) when Defendants "interrupted, censored, restricted, and prevented Plaintiff from" making public comment at the public meetings of the Township Committee of the Township of Cranford (Compl. ¶ 22).

8.     Plaintiff's First Count alleges a cause of action pursuant to 42 U.S.C. § 1983 for "Violation of First Amendment." (Compl. at 8.)

9.     Plaintiff also seeks a declaration "that Defendants violated the First Amendment of the U.S. Constitution . . . ." (Compl. Wherefore Clause.)

10.     This Court has supplemental jurisdiction over the remain claims pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1441(c)(1) because all other claims are so related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *See, supra,* ¶ 6.

**III.    DEFENDANTS COMPLIED WITH ALL APPLICABLE REMOVAL STATUTES**

11.    As established, Defendants' removal is timely because Defendants are filing this Notice of Removal within 30 days after service of Plaintiffs' initial pleading on December 3, 2025. *See* 28 U.S.C. § 1446(b)(1).

12.    Removal to this Court is proper because it is the district and division embracing the Superior Court of New Jersey, Union County where the State Court Action was pending. *See* 28 U.S.C. § 1441(a).

13.    Defendants have complied with the procedural requirements in 28 U.S.C. § 1446:

a.    As required by § 1446(a), all process, pleadings, and orders served by Plaintiffs on Defendants are attached as Exhibit A.

b.    As required by §§ 1446(a), (d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey, Law Division, Union County, and is being served on counsel of record.

Dated: January 2, 2026

Respectfully submitted,
COOPER, LLC

By:   /s/Ryan J Cooper
      Ryan J. Cooper
      **COOPER, LLC**
      108 N. Union Ave., Suite 4
      Cranford, NJ 07016
      ryan@cooperllc.com
      T. 908.514.8830
      *Attorneys For Defendants*

# EXHIBIT A

Anders Wenstrand-Nausthaug
Attorney ID No.: 441652023
Wenstrand Law LLC
184 North Avenue East
Third Floor, Suite 9
Cranford, New Jersey 07016
(347) 697-8579
*Attorney for Plaintiff*

|  |  |  |
|---|---|---|
| WILLIAM F. THILLY | : | SUPERIOR COURT OF NEW JERSEY |
| *Plaintiff(s),* | : | LAW DIVISION CIVIL PART |
| | : | UNION COUNTY |
| v. | : | |
| TOWNSHIP OF CRANFORD, NEW | : | Docket No. UNN-L |
| JERSEY, TOWNSHIP COMMITTEE OF | : | |
| THE TOWNSHIP OF CRANFORD, | : | CIVIL ACTION |
| TERRENCE CURRAN, KATHLEEN | : | |
| MILLER PRUNTY, PAUL A. GALLO, | : | **COMPLAINT AND JURY DEMAND** |
| BRIAN ANDREWS, GINA BLACK and | : | |
| THOMAS SLATTERY | : | |
| *Defendant(s).* | : | |

Plaintiff, William F. Thilly, residing at 22 Bloomingdale Ave., Cranford, County of Union, State of New Jersey, by way of a Complaint against the Defendants alleges and says as follows:

## PRELIMINARY STATEMENT

As widely reported and visible in broadcast clips, Plaintiff Thilly's public-comment appearances and expressive conduct have drawn significant attention in our community and internationally. [Things get Thilly in Cranford - POLITICO](#).  Plaintiff Thilly's previous breakdance at a town committee meeting on September 2, 2025 went viral drawing attention to excessive property tax hikes for residents as a result of multiple 30-year tax exemptions to developers. His approach to public meetings in his less than 5-minute public comment period has

1

sparked discussions about the role of civil leaders and the importance of transparency and community involvement in local governance. Ibid. He was an independent candidate for the Cranford Township Committee who received 1776 votes in November 2025.

Plaintiff's performance-style approach to political speech has led to increased attention to Committee hearings because it is a more entertaining way to present issues than the typical dry monotone oral delivery. Normally, before Plaintiff Thilly's viral comments, a meeting had about 362 views out of a Township population of almost 25,000. See https://www.nj.com/union/2025/09/nj-man-silently-breakdances-at-a-town-meeting-the-world-watched.html?outputType=amp (stating in relevant part: "The township's 90-minute livestream from Sept. 2 — the meeting during which Thilly performed a wordless robot dance, backspun on the floor and moonwalked away from the podium — had been viewed more than 23,000 times as of Friday. The previous meeting, by comparison, had 362 views.") Local television coverage is now getting thousands tuning in. In an era of massive digital media exposure, the Committee should be delighted to have more viewers rather than attempting to reduce exposure.

Nevertheless, the Township has repeatedly interfered with Plaintiff Thilly's five-minute public comment periods by verbally interrupting, cutting his time short, censoring and stopping the live TV35 video broadcast to thousands of residents on September 16th, 2025, and by terminating Plaintiff Thilly's public comment on November 10, 2025 before it even began by staging a pre-planned walkout of the entire committee. As if that was not enough censorship, Defendants ordered an armed police officer to ask Plaintiff Thilly to leave during the walk out in front of the public awaiting resumption of the meeting and had the Township attorney berate him for several minutes with the police officer to attempt to chill and control Plaintiff Thilly's public

2

comment.   Plaintiff Thilly was left holding a beach ball unable to protest closing of the town pool and other objectionable Township Committee policies and practices.

Defendants have done this as a willful pattern and practice that has over time become progressively more restricted and censored culminating in a complete ban of Plaintiff's speech during public comment in violation of the New Jersey Constitution, the New Jersey Civil Rights Act and the Open Records Meeting Act.

## I. PARTIES

1.     Plaintiff William F. Thilly is an adult resident of Cranford, New Jersey and a taxpayer of Cranford Township.

2.     Defendant Township of Cranford is a municipal corporation organized under the laws of New Jersey.

3.     Defendant Township Committee of the Township of Cranford is the governing body of the municipality and is responsible for conducting meetings in compliance with the Open Public Meetings Act and constitutional standards.

4.     Defendant Terrence Curran is the mayor of Cranford and a member of the Cranford Township Committee.  He is named as a Defendant in his official and individual capacity.

5.     Defendant Paul A. Gallo is the deputy mayor of Cranford and a member of the Cranford Township Committee.  He is named as a Defendant in his official and individual capacity.

6.     Defendant Brian Andrews is a member of the Cranford Township Committee.  He is named as a Defendant in his official and individual capacity.

7.     Defendant Gina Black is a member of the Cranford Township Committee.  She is named as a Defendant in her official and individual capacity.

3

8.      Defendant Kathleen Miller Prunty is a member of the Cranford Township Committee. She is named as a Defendant in her official and individual capacity.

9.      Defendant Thomas Slattery is the Cranford Township Attorney.  He is named as a Defendant in his official and individual capacity.

## II. JURISDICTION AND VENUE

10.     Jurisdiction is proper pursuant to N.J.S.A. 2A:53A-50, the New Jersey Civil Rights Act (NJCRA) (N.J.S.A. 10:6-2), and the New Jersey Constitution, Art. I ¶6 guaranteeing free speech and Art. I ¶18 the right to freedom of assembly.

11.     Venue is proper in this Court because the acts complained of occurred in Union County, and Defendants are located within this county.

## III. FACTUAL ALLEGATIONS

13.     On multiple occasions, the Township Committee has interrupted Plaintiff, truncated his speaking time unlawfully and censored his public comments.

14.     On or about December 13, 2022, the Township Committee repeatedly interrupted Plaintiff Thilly and limited his time to speak during a Township Committee meeting which was the subject of  his first prerogative writ. See Thilly v. Township Committee of Cranford, et al., UNN-L-339-23.

15.     On September 16, 2025, the Township Committee limited the public's view of Plaintiff Thilly's comment.  As stated in Politico on September 19, 2025 by Matt Friedman:

> **It appears that the township had prepared for Thilly's stunt,** preventing a potential Breakin' 2: Electric Boogaloo. Because according to Thilly, the livestream on Facebook — provided by the local public access channel — went dark for the first 30 seconds. That has been restored to the YouTube video, but you can see a cut as Thilly approaches the

4

podium.
(https://www.youtube.com/live/66VWf2aWakU?si=7dk_kF74GsOybn93&t=3899&themeRefresh=1
And as Thilly leads the dance party, the camera — which normally focuses on the public speaker — instead points at the committee members. Curran then cut Thilly short, since he said he had forfeited his time by walking away from the microphone.

16.     Further on September 19, 2025, Plaintiff Thilly's attorney sent a letter to the Township Committee's attorney objecting to the Town's censorship of Plaintiff Thilly's public comment on September 16, 2025 and advising of Plaintiff Thilly's intention of suing if the censorship continues.

17.     In response, the Township Committee ultimately censored Thilly by walking out and thus forcibly preventing him from providing a public comment on November 10, 2025, when it convened a regularly scheduled public meeting pursuant to N.J.S.A. 10:4-6 et seq.

18.     Defendant Mayor Terrence Curran opened the November 10, 2025 meeting stating: "Over the past several months, these meetings have gone viral, and the township has faced a threat of a First Amendment lawsuit while trying to conduct professional meetings. Many residents have expressed concern about the atmosphere and how this reflects on Cranford. This atmosphere discourages participation, detracts from real issues, and is not how businesses should operate." See Cranford Township Committee Meeting Adjourned After Interruption During Public Comments | Cranford, NJ News TAPinto | TAPinto.

19.     Defendant Curran cautioned that social media has distorted the purpose of civic dialogue, saying it "encourages hostility, harassment, and performative behavior," and turns "serious discussions into viral spectacles." He urged residents to "honor this process and our community by returning to a standard of professionalism and respect." Ibid. See also https://www.youtube.com/live/wi7yvr6-0aU?si=_noGuxCfvjkFl18d&t=1176.

5

20. During the public comment portion on November 10, 2025, Plaintiff approached the microphone to speak and express himself on matters of public concern, including protesting Township Committee conduct and the closing of the town pool while holding a beach ball. See YouTube link: https://www.youtube.com/live/wi7yvr6-0aU?si=nN-NqyeQFtkLzdR3&t=2073.

21. Plaintiff's speech would have been peaceful, lawful, protected First Amendment expression, and would not have disrupted the meeting - had he been afforded the opportunity to continue.

22. In anticipation that Plaintiff intended to speak critically about the governing body and out of fear that his comments would go viral again, Defendants immediately interrupted, censored, restricted, and prevented Plaintiff from even starting his comments.

23. Without lawful basis, Defendants declared an "emergency recess" and/or adjourned the meeting during Plaintiff's public comment time. Defendant Mayor Curran requested a motion to adjourn, while Defendant Miller Prunty made a motion to recess. This motion was seconded by Defendant Black. A unanimous vote by the Township Committee recessed the meeting.

24. All of the elected Township Committee members walked out of the meeting immediately in a concerted fashion, leaving the dais in what amounted to an unlawful recess not authorized by New Jersey's Open Public Meetings Act (OPMA).

25. Any collusion by the Township Committee behind closed doors to stage a walkout before the Township committee meeting on November 10, 2025 in protest is in violation of the OPMA and further chills future public comment.

26. The meeting was not properly adjourned under OPMA and was recessed solely "in protest" of Plaintiff's viewpoint and public comment. No amount of time was given before the Township Committee meeting would resume.

6

27.     Defendants' conduct prevented Plaintiff from even starting his public comment and constituted unlawful content-based censorship and retaliation for his prior public comments.

28.     These actions chilled Plaintiff's political expression and deprived Plaintiff of statutory rights under the New Jersey Sunshine Law, the New Jersey Constitution, and the New Jersey Civil Rights Act.

29.     Plaintiff suffered irreparable harm, including loss of the right to speak, humiliation, frustration of civic participation, and ongoing chill of speech.  Other residents' speech was chilled and viewers were deprived of their rights to watch Plaintiff's public protest.

30.     Immediately after the committee walked out, a Cranford Police Officer approached Plaintiff Thilly and asked him to leave the meeting at the request of Cranford's Mayor Terrence Curran.

31.     Although Plaintiff Thilly declined to leave the meeting, the police officer remained next to plaintiff Thilly throughout the entire almost nine-minute recess. The officer was then immediately joined by the Defendant Cranford Township Attorney Thomas Slattery who rebuked Plaintiff in front of the public audience.

32.     Cranford Counsel Slattery tried to intimidate Plaintiff Thilly alongside a Cranford police officer to attempt to control his remarks.

33.     The Township Committee never procedurally reconvened, but instead immediately received public comments from other members of the public. Plaintiff Thilly was denied an opportunity to comment.

34.     The Township Committee's censorship of Plaintiff's public comment was in retaliation for his past speech protesting the committee's awarding of multiple 30-year tax exemptions to developers totaling over $160 million in lost revenue that residents must subsidize.

35.     Plaintiff has also engaged in protected activity when he sued the Township Committee twice for granting a 30-year tax exemption to the 750 Walnut Avenue developer, now the Fairways at Cranford apartments.  His second prerogative writ challenging the tax exemption for the 750 Walnut Avenue Developer is pending appeal before the New Jersey Appellate Division.  See Thilly v. Township Committee of Cranford, et. al., A-002321-24T1.

36.     The Township Committee Members violated their ethical duties by walking out during Plaintiff Thilly's public comment and conspiring to rebuke him by the Cranford Attorney and a Cranford Police Officer to chill his freedom of speech and expression.

37.     Sending a police officer and the township attorney to pressure Plaintiff Thilly to leave and/or dictate his public comment openly in front of the public during the recess/adjournment was intimidating to the public and chilled expression.

38.     When members from the public tried to intervene to defend Plaintiff Thilly during the recess, they were immediately silenced by the Defendant Township Attorney Slattery and/or the Cranford police officer.

39.     Defendants' staged walkout was a conspiracy to deprive Plaintiff of his civil rights and in retaliation for his past protests, comments and protected activity in opposition to Defendants' policies and practices.

40.     The Township Committee's actions were concerted, willful, wanton, reckless and disparaging to the Plaintiff and the public.  They were arbitrary and capricious.


## IV. CAUSES OF ACTION

### COUNT I — Violation of First Amendment
### (42 U.S.C. §1983 & New Jersey Constitution Art. I ¶6)

41.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

42. Article I, Paragraph 6 of the New Jersey Constitution guarantees every person the right to freely speak, write, and publish their sentiments on all subjects, and prohibits government entities and officials from abridging or retaliating against protected speech and public participation.

43. The protections of Art. I, ¶6 are at least as broad as—and in many contexts broader than—the First Amendment to the U.S. Constitution, and apply fully to speech during the public-comment portion of municipal meetings. See State v. Fair, 256 N.J. 213, 231 (2024) ("The first sentence of Article I, Paragraph 6 goes beyond the text of the First Amendment, and is broader than practically all other free speech clauses in the nation.").

44. Plaintiff engaged in unequivocally protected political speech during a duly-noticed public meeting of the Township, speaking on matters of public concern, including government conduct, public accountability, and statutory violations.

45. Defendants, including the municipality and individual elected officials acting under color of state law, intentionally and unlawfully suppressed, curtailed, and retaliated against Plaintiff's protected speech by:

a. Abruptly walking out and causing an unlawful recess for the purpose of silencing Plaintiff;

b. Terminating or suspending the meeting to prevent Plaintiff from completing public comment while ordering a police officer to ask Plaintiff to leave;

c. coordinating a collective refusal to allow Plaintiff to speak;

d. retaliating against Plaintiff because of discomfort with Plaintiff's viewpoint; and

e. conspiring with one another to accomplish the above actions.

46. Defendants' actions were not content-neutral, were not narrowly tailored, and were specifically aimed at suppressing Plaintiff's viewpoint in direct violation of Art. I, ¶6.

9

47.     Under New Jersey constitutional jurisprudence, public bodies may adopt reasonable time, place, and manner restrictions, but may not cut off speech or adjourn public meetings solely because officials dislike the content of comment or the identity of the speaker. Defendants' conduct violated these standards.

48.     The unlawful recess/adjournment and coordinated walk-out taken in direct response to Plaintiff's speech constituted a prior restraint, content-based censorship, and retaliatory governmental action, each independently violative of the New Jersey Constitution.

49.     As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiff suffered damages, including loss of the right to participate in government, emotional distress, attempted humiliation, loss in momentum of his protest movement, attempted loss of reputation, and a chilling of Plaintiff's future First Amendment activity.

50.     Defendants acted intentionally, maliciously, and with reckless disregard for Plaintiff's constitutional rights.

## COUNT II — Violation of the New Jersey Open Public Meetings Act
### (Sunshine Law), N.J.S.A. 10:4-6 et seq.

51.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

52.     OPMA requires that public meetings remain open to the public unless a properly-noticed, statutory exception is invoked.

53.     Defendants did not invoke any lawful exception when they abruptly recessed and walked out.

54.     Adjourning a meeting because of a resident's speech violates OPMA and is beyond Defendants' legal authority.

55.     OPMA prohibits governing bodies from frustrating the right of the public to participate or observe government deliberations.

10

56. The New Jersey Open Public Meetings Act, N.J.S.A. 10:4-6 to 10:4-21, guarantees the public's right to attend, observe, and participate in meetings of public bodies, and prohibits such bodies from entering closed session, recessing, or interrupting a public meeting except in strict compliance with statutory procedures.

57. At all relevant times, Defendants and other Township officials, constituted a "public body" within the meaning of OPMA, and were conducting a duly-noticed public meeting required to remain open to the public, except as specifically permitted under the statute.

58. During the five-minute public-comment portion of the meeting, Plaintiff exercised his statutory and constitutional right to address the governing body on matters of public concern.

59. In response to Plaintiff's protected comments, Defendants unlawfully adjourned, recessed, or abandoned the meeting without following OPMA procedures for a closed session or lawful recess, and with the intent and effect of preventing Plaintiff from completing them.

60. Defendants' coordinated walk-out functioned as a de facto cessation or closed session, undertaken specifically to silence Plaintiff and suppress public scrutiny, in violation of OPMA's transparency and participation requirements.

61. OPMA requires that any interruption of a meeting, including recesses or adjournments, must occur only for lawful reasons and must comply with statutory notice, motion, and procedural requirements. Defendants failed to comply with all of these requirements.

62. By unlawfully halting the meeting while Plaintiff was speaking, Defendants deprived Plaintiff of his statutory right to participate in an open and continuous public meeting, and deprived the public of the right to hear and observe the full public comment session.

63. Defendants' conduct was intentional, willful, and done in bad faith, reflecting an effort to evade public accountability and retaliate against Plaintiff's protected speech.

11

64.     As a direct and proximate result of Defendants' OPMA violations, Plaintiff suffered the loss of meaningful participation in the public meeting, suppression of his speech, humiliation, emotional distress, and faces a continuing threat that Defendants will repeat these unlawful practices absent judicial intervention.

## COUNT III — Violation of the NJ Civil Rights Act (N.J.S.A. 10:6-2)

65.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

66.     The New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq. ("NJCRA"), provides a private cause of action against any person who, under color of law, deprives an individual of rights secured by the State Constitution, laws of the United States, or laws of the State of New Jersey.

67.     At all relevant times, Defendants, other members of the Township governing body, and Township employees acted under color of state law and within the scope of their official duties.

68.     During the public comment portion of a duly noticed Township meeting, Plaintiff engaged in protected speech on matters of public concern, including criticism of municipal conduct.

69.     In response to Plaintiff's protected speech, Defendants unlawfully interrupted, recessed, or adjourned the meeting without complying with the requirements of the OPMA, and undertook coordinated actions to halt Plaintiff's remarks, including walking out of the meeting and ordering a police officer to ask Plaintiff to leave, and have the Town Attorney dictate the content of Plaintiff's protest before the meeting would resume.

70.     Defendants' actions were taken with the purpose and effect of silencing Plaintiff, suppressing disfavored speech, retaliating against Plaintiff for his criticism of Township governance, and preventing the public from hearing Plaintiff's statements.

12

71.     By unlawfully halting the meeting in direct response to Plaintiff's speech, Defendants deprived Plaintiff of rights secured by:

a. the First Amendment to the United States Constitution, including the rights to free speech, to petition the government, and to engage in public comment without retaliation;

b. Article I ¶6 of the New Jersey Constitution, which guarantees robust free speech protections; and

c. statutory rights protected by OPMA, including the right to participate in an uninterrupted and lawfully conducted public meeting.

72.     Defendants' conduct constituted a direct deprivation of rights within the meaning of N.J.S.A. 10:6-2(c), because they acted under color of law to silence, retaliate against, and obstruct Plaintiff's exercise of constitutionally and statutorily protected rights.

73.     Defendants' actions were intentional, willful, malicious, and taken in bad faith, and reflect a deliberate attempt to suppress opposition, discourage civic participation, and retaliate against Plaintiff for speaking on matters of public concern.

74.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered the loss of meaningful participation in the public comment process, the suppression of his speech, a curtailment of the momentum in his protest movement, attempted humiliation, emotional distress, reputational harm, and a continuing chilling effect on his ability to speak freely at public meetings, along with the public's right to watch him.

75.     Furthermore, Defendants violated Plaintiff's rights to due process and equal protection by arbitrarily denying Plaintiff's statutory and constitutional right to speak during the public comment portion of the meeting while permitting others to speak, based on the Defendants' hostility to Plaintiff's viewpoint and identity as a critic of the Defendants.

### COUNT IV - Violation of N.J.S.A. 2A:53A-50

76.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

77.     Plaintiff attempted to provide a public comment on November 10, 2025 in a Township Committee of Cranford governmental proceeding.

78.     He attempted to communicate on an issue under consideration, including the closure of Cranford's pool, along with a general protest of the Township Committee's governance.

79.     He attempted to exercise his right to freedom of speech and his ability to use social media, guaranteed by the United States Constitution and the New Jersey Constitution, on a matter of public concern.

80.     Defendants knowingly denied him this opportunity in retaliation for Plaintiff's past speech and protected activity.

### COUNT V - Retatiation

81.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

82.     Plaintiff has long engaged in core political speech, including:

a. speaking critically about municipal government conduct;

b. protesting publicly outside City Hall on matters of public concern; and

c. running for public office, engaging in political advocacy, campaigning, and public accountability efforts.

83.     Plaintiff's speech, protests, and candidacy are all fully protected by the First Amendment and by Article I, Paragraph 6 of the New Jersey Constitution, which protects political advocacy, criticism of government, the right to petition, and civic participation.

84. Defendants, the municipal entity, town attorney and individual elected officials acting under color of state law, were aware of Plaintiff's political activities, protests, and prior candidacy.

85. Defendants harbored hostility toward Plaintiff's viewpoint and political advocacy, and collectively sought to deter, punish, and suppress Plaintiff's continued participation in municipal affairs.

86. On the date of the public meeting described herein, Plaintiff attempted to speak during the public-comment portion on matters involving municipal governance, statutory compliance, public integrity, and Defendants' official actions.

87. In direct response to Plaintiff's protected speech and political advocacy, Defendants engaged in retaliatory government action, including but not limited to:

a. abruptly walking out of the meeting, depriving Plaintiff of the right to speak;

b. unlawfully recessing or adjourning the meeting to silence Plaintiff;

c. orchestrating a collective refusal to allow or hear Plaintiff's public comment;

d. taking public meeting actions intended to chill Plaintiff's political expression by involving a police officer and town attorney; and

e. conspiring amongst themselves to punish Plaintiff for political activity, public protest, criticism, and prior campaigns for office.

88. Defendants' actions were substantially motivated by Plaintiff's protected speech, City Hall protests, public criticism of officials, and political candidacy, and would not have occurred but for Defendants' retaliatory animus.

89. No legitimate governmental purpose justified Defendants' conduct. Terminating, recessing, or walking out of a public meeting because of a resident's speech is not a reasonable

15

time, place, manner restriction, and constitutes unlawful retaliation under both federal and state law.

90.     Defendants' retaliatory conduct caused Plaintiff to suffer:

a.     deprivation of constitutional rights;
b.     humiliation and emotional distress;
c.     chilling of future political expression;
d.     exclusion from the public-comment process; and
e.     reputational and civic injury.

91.     Defendants acted intentionally, maliciously, and with reckless disregard for Plaintiff's constitutional rights.


**COUNT VI -  Declaratory Judgment That Defendants Violated
Plaintiff's Rights for Freedom of Speech and Expression**

92.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

93.     Defendants violated Plaintiff's freedom of speech and expression, warranting reprimand, censure, fines, training and/or removal from office.

94.     Defendants, as public officials, did not act in the public interest, did not uphold laws, including OPMA, and did not avoid "the appearance of impropriety."

95.     Deliberately walking out to shut down legally-required public comment frustrates statutory rights, undermines public trust, and can violate ethics rules.

96.     Ordering a police officer to intimidate or chill Plaintiff's expression is unwarranted, abusive and exceeds the Defendants' authority.

97.     Having Town Attorney Slattery rebuke Plaintiff Thilly in public during the entire recess, while silencing the public defending him to censor the meeting, violates both Plaintiff's and the public's civil rights.

16

## COUNT VI - Conspiracy to Violate the New Jersey
## Civil Rights Act (N.J.S.A. 10:6-2(c) and (d))

98.     Plaintiff repeats and realizes the preceding paragraphs as though fully set forth herein.

99.     The New Jersey Civil Rights Act, N.J.S.A. 10:6-2(c)–(d), creates a private right of action against any person who, under color of law, deprives an individual of rights secured by the Constitution, laws of the United States, and laws of the State of New Jersey, and further provides liability for any person who conspires with others to do the same.

100.    At all relevant times, Defendants were acting under color of state law and within the scope of their authority as Township officials, employees, and/or agents.

101.    Defendants knowingly, willfully, and jointly entered into an agreement—express or implied—to deprive Plaintiff of rights guaranteed by the First Amendment of the U.S. Constitution, Article I ¶6 of the New Jersey Constitution, and other statutory rights, including the right to speak during a public meeting without unlawful interference or retaliation.

102.    In furtherance of this conspiracy, Defendants undertook overt acts, including but not limited to:

(a) orchestrating a coordinated and unlawful recess during Plaintiff's protected public comment;

(b) walking out of the meeting in concert to halt Plaintiff's remarks;

(c) directing a police officer to ask Plaintiff to leave or otherwise silence him; and

(d) taking steps designed to deter, chill, or prevent Plaintiff from participating in future public comment.

103.    The purpose and effect of Defendants' concerted actions were to suppress Plaintiff's criticism of Township officials, prevent the public from hearing Plaintiff's statements, and unlawfully restrict Plaintiff's participation in the governmental process.

17

104.    As a direct and proximate result of this conspiracy, Plaintiff suffered the deprivation of constitutional and statutory rights under the NJCRA, as well as emotional distress, humiliation, reputational harm, and the loss of meaningful access to public governance.

105.    The conduct of Defendants was intentional, malicious, reckless, and in wanton disregard of Plaintiff's protected rights.

### VII. Violation of Right to Petition
### (New Jersey Constitution Art. I ¶18)

106.    Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

107.    Article I, ¶18 of the New Jersey constitution states: "The people have the right freely to assemble together, to consult for the common good, to make known their opinions to their representatives, and to petition for redress of grievances."

108.    Defendants interfered with Plaintiff's right to "make known [his] opinions" and petition his local governing body at a duly noticed public meeting by staging a coordinated walk-out.

### PLAINTIFF'S PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.    Declaring that Defendants violated the First Amendment of the U.S. Constitution, New Jersey Constitution, NJCRA and OPMA.

B.    Injunction requiring Defendants to:

 i. refrain from censoring public comment;

 ii. refrain from unlawful recesses or walkouts during public comment;

 iii. conduct meetings in full compliance with OPMA.

C.    Civil penalties against the individual officials as authorized by N.J.S.A. 10:4-17.

18

D.      Compensatory damages.

E.      Attorney's fees and costs under the NJCRA.

F.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, by and through his undersigned counsel, hereby demands a trial by jury on all issues.

## CERTIFICATION

I, Anders Wenstrand-Nausthaug, Esq.,  hereby certifies that this action is not the subject of any other action or arbitration proceeding, nor is any contemplated.

## CERTIFICATION OF NON-FRIVOLOUS NATURE

I, Anders Wenstrand-Nausthaug, Esq., hereby certify pursuant to R. 1:4-8 that my signature as an attorney constitutes a certificate that I have read this pleading, written motion or other paper.  By signing, filing or advocating this pleading, written motion, or other paper, I as an attorney certify, to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that:

(1) this paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions herein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

19

(3) the factual allegations have evidentiary support, or as to specifically identified, are either likely to have evidentiary support, or will be withdrawn or corrected if reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support; and

(4) the denials of factual allegations are warranted on the evidence or, as to specifically identified denials, they are reasonably based on a lack of information or belief or they will be withdrawn or corrected if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support.

## CERTIFICATION OF COMPLIANCE WITH R.4:5-1(b)(3) and R.1:38-7.

I, Anders Wenstrand-Nausthaug, Esq., certifies, pursuant to New Jersey Court R. 4:5-1(b)(3) and R. 1:38-7, that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future per R. 1:38-7(b).

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, the firm of Wenstrand Law LLC., attorney for Plaintiff, hereby appoints Anders Wenstrand-Nausthaug, Esq. as trial counsel.

Respectfully Submitted,

*/s/ Anders Wenstrand-Nausthaug*

Anders Wenstrand-Nausthaug

DATED: November 24, 2025

20

UNION COUNTY SUPERIOR COURT
2 BROAD STREET
CIVIL DIVISION
ELIZABETH          NJ 07207

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (908) 787-1650
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:   NOVEMBER 24, 2025
                    RE:     THILLY WILLIAM  VS TOWNSHIP OF CRANFORD
                    DOCKET: UNN L -004514 25


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.


     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE PRETRIAL JUDGE ASSIGNED IS:  HON MARK P. CIARROCCA


      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (908) 787-1650 EXT 21493.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                              ATT: ANDERS E. WENSTRAND-NAUSTHAUG
                              WENSTRAND LAW LLC
                              184 NORTH AVENUE EAST
                              THIRD FLOOR, SUITE 9
                              CRANFORD          NJ 07016


ECOURTS

# ***** AFFIDAVIT OF SERVICE - SUMMONS AND COMPLAINT *****  12/01/2025

*Kennoth Gerhard*

| SHERIFF #SNC25002660 | DEFENDANT SEQUENCE 2 OF 8 | OFFICER: ~~ANDREW PAPPAS~~ |
|---|---|---|

I, Peter Corvelli, SHERIFF OF UNION COUNTY, DO HEREBY DEPUTIZE ANDREW PAPPAS AND APPOINT TO BE MY DEPUTY TO EXECUTE AND RETURN THE WRIT ACCORDING TO LAW.

**ATTORNEY:**
WILLIAM F. THILLY
22 BLOOMINGDALE AVENUE
CRANFORD NJ 07016

| | Receipt | Check # | Receipt Amt |
|---|---|---|---|
| | 250006 | 308 | 141.90 |

## ─── COURT INFORMATION ───

COURT OF ISSUANCE: Superior-Union          BRANCH:
DOCKET #: UNNL00451425          STATE: NJ          COUNTY OF VENUE: Union

qorigliato

## ─── CAPTION OF CASE ───

NAME: WILLIAM F. THILLY
VS.  TOWNSHIP OF CRANFORD, NEW JERSEY, ET AL.

## ─── DEFENDANT OR NAMED WITHIN TO BE SERVED ───

NAME:  COMMITTEE OF THE TOWNSHIP OF CRANFORD
ADDRESS  8 SPRINGFIELD AVENUE
CRANFORD NJ 07016

PAPERS SERVED:  SUMMONS AND NOTICE, COMPLAINT AND JURY DEMAND, CIVIL PART CASE SUMMARY, DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES

NOTES: NAME OF 2ND DEFENDANT

## ─── SERVICE DATA RECORDED ───          DATE/TIME ───

☑ SERVED SUCCESSFULLY   ☐ UNABLE TO SERVE   NUMBER OF ATTEMPTS ____   12/3/25 / 1015

REMARKS: _____

## ─── COPY SERVED UPON ───

☐ Personally Delivered          ☐ Officer
☐ Copy Left With Competent      ☐ Registered Agent
Household Member                ☑ Agent Authorized to Accept
☐ Managing Agent                ☐ Person in charge at registered office of

Person Served: _Patricia Donohue_ _____ (Title/Relationship)

☐ IS IN THE MILITARY      ☐ IS NOT IN THE MILITARY

| | | |
|---|---|---|
| **SEX:** | ☐ MALE   ☑ FEMALE | |
| **SKIN:** | ☑ WHITE   ☐ BLACK   ☐ YELLOW   ☐ BROWN   ☐ RED | |
| **HEIGHT:** | ☐ UNDER 5 FT   ☑ 5.0-5.6 FT   ☐ 5.7-6.0 FT   ☐ OVER 6' | |
| **WEIGHT:** | ☐ UNDER 100 LBS.   ☐ 100-150 LBS.   ☑ 151-200 LBS.   ☐ OVER 200 LBS. | |
| **HAIR:** | ☐ BLACK   ☑ BROWN   ☐ BLONDE   ☐ GRAY   ☐ RED   ☐ WHITE   ☐ BALDING | |
| **AGE:** | ☐ 14-20   ☐ 21-35   ☐ 36-50   ☑ 51-65   ☐ OVER 65 | |

*SWORN TO AND SUBSCRIBED*
*BEFORE ME ON:*

_____
SIGNATURE
*SHERIFF'S OFFICER OF UNION COUNTY*
*STATE OF NEW JERSEY*

*Kenneth Oxford*

**AFFIDAVIT OF SERVICE — SUMMONS AND COMPLAINT**

| SHERIFF #SNC25002660 | DEFENDANT SEQUENCE 3 OF 8 | OFFICER: ~~ANDREW PAPPAS~~ |
|---|---|---|

I, Peter Corvelli, SHERIFF OF UNION COUNTY, DO HEREBY DEPUTIZE ANDREW PAPPAS
AND APPOINT TO BE MY DEPUTY TO EXECUTE AND RETURN THE WRIT ACCORDING TO LAW.

| ATTORNEY: | Receipt | Check # | Receipt Amt |
|---|---|---|---|
| WILLIAM F. THILLY<br>22 BLOOMINGDALE AVENUE<br>CRANFORD NJ 07016 | 250006 | 308 | 141.90 |

─────────────── COURT INFORMATION ───────────────

**COURT OF ISSUANCE:** Superior-Union  **BRANCH:**
**DOCKET #:** UNNL00451425  **STATE:** NJ  **COUNTY OF VENUE:** Union

qoriqliato

─────────────── CAPTION OF CASE ───────────────

**NAME:** WILLIAM F. THILLY
**VS.** TOWNSHIP OF CRANFORD, NEW JERSEY, ET AL.

─────────── DEFENDANT OR NAMED WITHIN TO BE SERVED ───────────

**NAME:** TERRENCE CURRAN
**ADDRESS** 8 SPRINGFIELD AVENUE
CRANFORD NJ 07016

**PAPERS SERVED:** SUMMONS AND NOTICE, COMPLAINT AND JURY DEMAND, CIVIL PART CASE
SUMMARY, DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES

**NOTES:** NAME OF 3RD DEFENDANT

────────── SERVICE DATA RECORDED ────────── DATE/TIME ──────────

☑ SERVED SUCCESSFULLY  ☐ UNABLE TO SERVE  NUMBER OF ATTEMPTS ____  12/3/25  /  1015

REMARKS: _____

─────────────── COPY SERVED UPON ───────────────

☐ Personally Delivered  ☐ Officer
☐ Copy Left With Competent  ☐ Registered Agent
Household Member  ☑ Agent Authorized to Accept
☐ Managing Agent  ☐ Person in charge at registered office of

Person Served: ___Patricia Donohue___ (Title/Relationship)

☐ IS IN THE MILITARY  ☐ IS NOT IN THE MILITARY

| **SEX:** | ☐ MALE | ☑ FEMALE | | | |
|---|---|---|---|---|---|
| **SKIN:** | ☑ WHITE | ☐ BLACK | ☐ YELLOW | ☐ BROWN | ☐ RED |
| **HEIGHT:** | ☐ UNDER 5 FT | ☑ 5.0-5.6 FT | ☐ 5.7-6.0 FT | ☐ OVER 6' | |
| **WEIGHT:** | ☐ UNDER 100 LBS. | ☐ 100-150 LBS. | ☑ 151-200 LBS. | ☐ OVER 200 LBS. | |
| **HAIR:** | ☐ BLACK | ☑ BROWN | ☐ BLONDE | ☐ GRAY | ☐ RED | ☐ WHITE | ☐ BALDING |
| **AGE:** | ☐ 14-20 | ☐ 21-35 | ☐ 36-50 | ☑ 51-65 | ☐ OVER 65 |

*SWORN TO AND SUBSCRIBED*
*BEFORE ME ON:*

SIGNATURE
*SHERIFF'S OFFICER OF UNION COUNTY*
*STATE OF NEW JERSEY*

**AFFIDAVIT OF SERVICE - SUMMONS AND COMPLAINT**    12/01/2025

*Kenneth Gerhard*

| SHERIFF #SNC25002660 | DEFENDANT SEQUENCE 4 OF 8 | OFFICER: ~~ANDREW PAPPAS~~ |

I, Peter Corvelli, SHERIFF OF UNION COUNTY, DO HEREBY DEPUTIZE ANDREW PAPPAS AND APPOINT TO BE MY DEPUTY TO EXECUTE AND RETURN THE WRIT ACCORDING TO LAW.

| ATTORNEY: | Receipt | Check # | Receipt Amt |
|---|---|---|---|
| WILLIAM F. THILLY | 250006 | 308 | 141.90 |
| 22 BLOOMINGDALE AVENUE | | | |
| CRANFORD NJ 07016 | | | |

─────── COURT INFORMATION ───────

COURT OF ISSUANCE: Superior-Union       BRANCH:
DOCKET #: UNNL00451425       STATE: NJ       COUNTY OF VENUE: Union

*qoriqliato*

─────── CAPTION OF CASE ───────

NAME: WILLIAM F. THILLY
VS.   TOWNSHIP OF CRANFORD, NEW JERSEY, ET AL.

─────── DEFENDANT OR NAMED WITHIN TO BE SERVED ───────

NAME:    PAUL A. GALLO
ADDRESS  8 SPRINGFIELD AVENUE
         CRANFORD NJ 07016

PAPERS SERVED: SUMMONS AND NOTICE, COMPLAINT AND JURY DEMAND, CIVIL PART CASE SUMMARY, DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES

NOTES: NAME OF 4TH DEFENDANT

─────── SERVICE DATA RECORDED ───────    DATE/TIME

☑ SERVED SUCCESSFULLY  ☐ UNABLE TO SERVE   NUMBER OF ATTEMPTS ____   12/3/25 / 1015

REMARKS: _____

─────── COPY SERVED UPON ───────

☐ Personally Delivered       ☐ Officer
☐ Copy Left With Competent    ☐ Registered Agent
Household Member              ☑ Agent Authorized to Accept
☐ Managing Agent             ☐ Person in charge at registered office of

Person Served: ___*Patricia Donahue*___ (Title/Relationship)

☐ IS IN THE MILITARY       ☐ IS NOT IN THE MILITARY

| SEX: | ☐ MALE | ☑ FEMALE | | | |
| SKIN: | ☑ WHITE | ☐ BLACK | ☐ YELLOW | ☐ BROWN | ☐ RED |
| HEIGHT: | ☐ UNDER 5 FT | ☑ 5.0-5.6 FT | ☐ 5.7-6.0 FT | ☐ OVER 6' | |
| WEIGHT: | ☐ UNDER 100 LBS. | ☐ 100-150 LBS. | ☑ 151-200 LBS. | ☐ OVER 200 LBS. | |
| HAIR: | ☐ BLACK | ☑ BROWN | ☐ BLONDE | ☐ GRAY | ☐ RED | ☐ WHITE | ☐ BALDING |
| AGE: | ☐ 14-20 | ☐ 21-35 | ☐ 36-50 | ☑ 51-65 | ☐ OVER 65 |

*SWORN TO AND SUBSCRIBED BEFORE ME ON:*

_____
SIGNATURE
*SHERIFF'S OFFICER OF UNION COUNTY*
*STATE OF NEW JERSEY*

## AFFIDAVIT OF SERVICE - SUMMONS AND COMPLAINT

*Kenneth Gerhart*

**SHERIFF #**SNC25002660   **DEFENDANT SEQUENCE** 5 OF 8   **OFFICER:** ~~ANDREW PAPPAS~~

I, Peter Corvelli, **SHERIFF OF UNION COUNTY, DO HEREBY DEPUTIZE ANDREW PAPPAS AND APPOINT TO BE MY DEPUTY TO EXECUTE AND RETURN THE WRIT ACCORDING TO LAW.**

| ATTORNEY: | Receipt | Check # | Receipt Amt |
|---|---|---|---|
| WILLIAM F. THILLY<br>22 BLOOMINGDALE AVENUE<br>CRANFORD NJ 07016 | 250006 | 308 | 141.90 |

--- **COURT INFORMATION** ---

**COURT OF ISSUANCE:** Superior-Union   **BRANCH:**
**DOCKET #:** UNNL00451425   **STATE:** NJ   **COUNTY OF VENUE:** Union

qoriqliato

--- **CAPTION OF CASE** ---

**NAME:** WILLIAM F. THILLY
**VS.** TOWNSHIP OF CRANFORD, NEW JERSEY, ET AL.

--- **DEFENDANT OR NAMED WITHIN TO BE SERVED** ---

**NAME:** BRIAN ANDREWS
**ADDRESS** 8 SPRINGFIELD AVENUE
CRANFORD NJ 07016

**PAPERS SERVED:** SUMMONS AND NOTICE, COMPLAINT AND JURY DEMAND, CIVIL PART CASE SUMMARY, DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES

**NOTES:** NAME OF 5TH DEFENDANT

--- **SERVICE DATA RECORDED** --- **DATE/TIME** ---

☑ SERVED SUCCESSFULLY   ☐ UNABLE TO SERVE   NUMBER OF ATTEMPTS ____   12/3/25   /   1015

**REMARKS:** _____

--- **COPY SERVED UPON** ---

☐ Personally Delivered   ☐ Officer
☐ Copy Left With Competent Household Member   ☐ Registered Agent
☐ Managing Agent   ☑ Agent Authorized to Accept
☐ Person in charge at registered office of

Person Served: _Patricia Donahue_ _____ (Title/Relationship)

☐ IS IN THE MILITARY   ☐ IS NOT IN THE MILITARY

**SEX:** ☐ MALE   ☑ FEMALE
**SKIN:** ☑ WHITE   ☐ BLACK   ☐ YELLOW   ☐ BROWN   ☐ RED
**HEIGHT:** ☐ UNDER 5 FT   ☑ 5.0-5.6 FT   ☐ 5.7-6.0 FT   ☐ OVER 6'
**WEIGHT:** ☐ UNDER 100 LBS.   ☐ 100-150 LBS.   ☑ 151-200 LBS.   ☐ OVER 200 LBS.
**HAIR:** ☐ BLACK   ☑ BROWN   ☐ BLONDE   ☐ GRAY   ☐ RED   ☑ WHITE   ☐ BALDING
**AGE:** ☐ 14-20   ☐ 21-35   ☐ 36-50   ☑ 51-65   ☐ OVER 65

*SWORN TO AND SUBSCRIBED BEFORE ME ON:*

_____
SIGNATURE
*SHERIFF'S OFFICER OF UNION COUNTY*
*STATE OF NEW JERSEY*

Case 2:26-cv-00063 *AFFIDAVIT OF SERVICE 1 SUMMONS AND COMPLAINT of 34 PageID: 31 01/2025*

Kenneth Gerhart

| SHERIFF #SNC25002660 | DEFENDANT SEQUENCE 6 OF 8 | OFFICER: ~~ANDREW PAPPAS~~ |
|---|---|---|

I, Peter Corvelli, SHERIFF OF UNION COUNTY, DO HEREBY DEPUTIZE ANDREW PAPPAS AND APPOINT TO BE MY DEPUTY TO EXECUTE AND RETURN THE WRIT ACCORDING TO LAW.

| ATTORNEY: | Receipt | Check # | Receipt Amt |
|---|---|---|---|
| WILLIAM F. THILLY<br>22 BLOOMINGDALE AVENUE<br>CRANFORD NJ 07016 | 250006 | 308 | 141.90 |

——————————— COURT INFORMATION ———————————

**COURT OF ISSUANCE:** Superior-Union    **BRANCH:**

**DOCKET #:** UNNL00451425    **STATE:** NJ    **COUNTY OF VENUE:** Union

qorigliato

——————————— CAPTION OF CASE ———————————

**NAME:** WILLIAM F. THILLY

**VS.** TOWNSHIP OF CRANFORD, NEW JERSEY, ET AL.

————— DEFENDANT OR NAMED WITHIN TO BE SERVED —————

**NAME:** GINA BLACK

**ADDRESS** 8 SPRINGFIELD AVENUE CRANFORD NJ 07016

**PAPERS SERVED:** SUMMONS AND NOTICE, COMPLAINT AND JURY DEMAND, CIVIL PART CASE SUMMARY, DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES

**NOTES:** NAME OF 6TH DEFENDANT

——————— SERVICE DATA RECORDED ———————  **DATE/TIME**

☑ SERVED SUCCESSFULLY  ☐ UNABLE TO SERVE  NUMBER OF ATTEMPTS ____  12/3/25 / 1015

REMARKS: _____

——————————— COPY SERVED UPON ———————————

☐ Personally Delivered    ☐ Officer
☐ Copy Left With Competent    ☐ Registered Agent
Household Member    ☑ Agent Authorized to Accept
☐ Managing Agent    ☐ Person in charge at registered office of

Person Served: _Patricia Donahue_ _____ (Title/Relationship)

☐ IS IN THE MILITARY    ☐ IS NOT IN THE MILITARY

**SEX:** ☐ MALE  ☑ FEMALE
**SKIN:** ☑ WHITE  ☐ BLACK  ☐ YELLOW  ☐ BROWN  ☐ RED
**HEIGHT:** ☐ UNDER 5 FT  ☑ 5.0-5.6 FT  ☐ 5.7-6.0 FT  ☐ OVER 6'
**WEIGHT:** ☐ UNDER 100 LBS.  ☐ 100-150 LBS.  ☑ 151-200 LBS.  ☐ OVER 200 LBS.
**HAIR:** ☐ BLACK  ☑ BROWN  ☐ BLONDE  ☐ GRAY  ☐ RED  ☐ WHITE  ☐ BALDING
**AGE:** ☐ 14-20  ☐ 21-35  ☐ 36-50  ☑ 51-65  ☐ OVER 65

*SWORN TO AND SUBSCRIBED BEFORE ME ON:*

——————————————  SIGNATURE
*SHERIFF'S OFFICER OF UNION COUNTY*
*STATE OF NEW JERSEY*

ADDITION OF SERVICE   SUMMONS AND COMPLAINT   12/01/2025

*Kenneth Gerhart*

**SHERIFF #**SNC25002660   **DEFENDANT SEQUENCE** 7 OF 8   **OFFICER:** ~~ANDREW PAPPAS~~

I, Peter Corvelli, SHERIFF OF UNION COUNTY, DO HEREBY DEPUTIZE ANDREW PAPPAS AND APPOINT TO BE MY DEPUTY TO EXECUTE AND RETURN THE WRIT ACCORDING TO LAW.

| ATTORNEY: | Receipt | Check # | Receipt Amt |
|---|---|---|---|
| WILLIAM F. THILLY | 250006 | 308 | 141.90 |
| 22 BLOOMINGDALE AVENUE | | | |
| CRANFORD NJ 07016 | | | |

─────────── COURT INFORMATION ───────────

**COURT OF ISSUANCE:** Superior-Union        **BRANCH:**
**DOCKET #:** UNNL00451425        **STATE:** NJ        **COUNTY OF VENUE:** Union

*qorigliato*

─────────── CAPTION OF CASE ───────────

**NAME:** WILLIAM F. THILLY
**VS.** TOWNSHIP OF CRANFORD, NEW JERSEY, ET AL.

─────── DEFENDANT OR NAMED WITHIN TO BE SERVED ───────

**NAME:** KATHLEEN MILLER PRUNTY
**ADDRESS** 8 SPRINGFIELD AVENUE
CRANFORD NJ 07016

**PAPERS SERVED:** SUMMONS AND NOTICE, COMPLAINT AND JURY DEMAND, CIVIL PART CASE SUMMARY, DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES

**NOTES:** NAME OF 7TH DEFENDANT

─────────── SERVICE DATA RECORDED ─────── DATE/TIME ───────

☑ SERVED SUCCESSFULLY   ☐ UNABLE TO SERVE   NUMBER OF ATTEMPTS ____   12/3/25 / 1015

REMARKS: _____

─────────── COPY SERVED UPON ───────────

☐ Personally Delivered            ☐ Officer
☐ Copy Left With Competent        ☐ Registered Agent
Household Member                  ☑ Agent Authorized to Accept
☐ Managing Agent                  ☐ Person in charge at registered office of

Person Served: *Patricia Donahue* _____ (Title/Relationship)

☐ IS IN THE MILITARY      ☐ IS NOT IN THE MILITARY

**SEX:** ☐ MALE  ☑ FEMALE
**SKIN:** ☑ WHITE  ☐ BLACK  ☐ YELLOW  ☐ BROWN  ☐ RED
**HEIGHT:** ☐ UNDER 5 FT  ☑ 5.0-5.6 FT  ☐ 5.7-6.0 FT  ☐ OVER 6'
**WEIGHT:** ☐ UNDER 100 LBS.  ☐ 100-150 LBS.  ☑ 151-200 LBS.  ☐ OVER 200 LBS.
**HAIR:** ☐ BLACK  ☑ BROWN  ☐ BLONDE  ☐ GRAY  ☐ RED  ☐ WHITE  ☐ BALDING
**AGE:** ☐ 14-20  ☐ 21-35  ☐ 36-50  ☑ 51-65  ☑ OVER 65

*SWORN TO AND SUBSCRIBED*
*BEFORE ME ON:* _____

_____
SIGNATURE
*SHERIFF'S OFFICER OF UNION COUNTY*
*STATE OF NEW JERSEY*

*Kenneth Gerhart*   12/01/2025

## AFFIDAVIT OF SERVICE - SUMMONS AND COMPLAINT

**SHERIFF #** SNC25002660     **DEFENDANT SEQUENCE** 8 OF 8     **OFFICER:** ~~ANDREW PAPPAS~~

I, Peter Corvelli, **SHERIFF OF UNION COUNTY, DO HEREBY DEPUTIZE ANDREW PAPPAS AND APPOINT TO BE MY DEPUTY TO EXECUTE AND RETURN THE WRIT ACCORDING TO LAW.**

**ATTORNEY:**
WILLIAM F. THILLY
22 BLOOMINGDALE AVENUE
CRANFORD NJ 07016

| | Receipt | Check # | Receipt Amt |
|---|---|---|---|
| | 250006 | 308 | 141.90 |

### COURT INFORMATION

**COURT OF ISSUANCE:** Superior-Union          **BRANCH:**
**DOCKET #:** UNNL00451425     **STATE:** NJ     **COUNTY OF VENUE:** Union

qorigliato

### CAPTION OF CASE

**NAME:** WILLIAM F. THILLY
**VS.** TOWNSHIP OF CRANFORD, NEW JERSEY, ET AL.

### DEFENDANT OR NAMED WITHIN TO BE SERVED

**NAME:** THOMAS SLATTERY
**ADDRESS** 8 SPRINGFIELD AVENUE
CRANFORD NJ 07016

**PAPERS SERVED:** SUMMONS AND NOTICE, COMPLAINT AND JURY DEMAND, CIVIL PART CASE SUMMARY, DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES

**NOTES:** NAME OF 8TH DEFENDANT

### SERVICE DATA RECORDED ——— DATE/TIME

☑ SERVED SUCCESSFULLY   ☐ UNABLE TO SERVE   NUMBER OF ATTEMPTS ____   12/3/25 / 1015

REMARKS: _____

### COPY SERVED UPON

☐ Personally Delivered          ☐ Officer
☐ Copy Left With Competent      ☐ Registered Agent
Household Member                ☑ Agent Authorized to Accept
☐ Managing Agent                ☐ Person in charge at registered office of

Person Served: *Patricia Donahue* _____ (Title/Relationship)

☐ IS IN THE MILITARY          ☐ IS NOT IN THE MILITARY

**SEX:** ☐ MALE  ☑ FEMALE
**SKIN:** ☑ WHITE  ☐ BLACK  ☐ YELLOW  ☐ BROWN  ☐ RED
**HEIGHT:** ☐ UNDER 5 FT  ☑ 5.0-5.6 FT  ☐ 5.7-6.0 FT  ☐ OVER 6'
**WEIGHT:** ☐ UNDER 100 LBS.  ☐ 100-150 LBS.  ☑ 151-200 LBS.  ☐ OVER 200 LBS.
**HAIR:** ☐ BLACK  ☑ BROWN  ☐ BLONDE  ☐ GRAY  ☐ RED  ☐ WHITE  ☐ BALDING
**AGE:** ☐ 14-20  ☐ 21-35  ☐ 36-50  ☑ 51-65  ☐ OVER 65

*SWORN TO AND SUBSCRIBED*
*BEFORE ME ON:* _____

_____
SIGNATURE
*SHERIFF'S OFFICER OF UNION COUNTY*
*STATE OF NEW JERSEY*

*Kenneth Gerhart*

SHERIFF #SNC25002660     DEFENDANT SEQUENCE 1 OF 8     OFFICER: ~~ANDREW PAPPAS~~

I, Peter Corvelli, SHERIFF OF UNION COUNTY, DO HEREBY DEPUTIZE ANDREW PAPPAS AND APPOINT TO BE MY DEPUTY TO EXECUTE AND RETURN THE WRIT ACCORDING TO LAW.

| ATTORNEY: WILLIAM F. THILLY 22 BLOOMINGDALE AVENUE CRANFORD NJ 07016 | Receipt 250006 | Check # 308 | Receipt Amt 141.90 |
|---|---|---|---|

─────── COURT INFORMATION ───────

COURT OF ISSUANCE: Superior-Union     BRANCH:
DOCKET #: UNNL00451425     STATE: NJ     COUNTY OF VENUE: Union

*goriqliato*

─────── CAPTION OF CASE ───────

NAME: WILLIAM F. THILLY
VS.     TOWNSHIP OF CRANFORD, NEW JERSEY, ET AL.

**RECEIVED**
Superior Court of New Jersey

─── DEFENDANT OR NAMED WITHIN TO BE SERVED ───

NAME: TOWNSHIP OF CRANFORD, NEW JERSEY
ADDRESS 8 SPRINGFIELD AVE
CRANFORD NJ 07016

DEC 09 2025
CIVIL CASE MANAGEMENT
UNION COUNTY

PAPERS SERVED: SUMMONS AND NOTICE, COMPLAINT AND JURY DEMAND, CIVIL PART CASE SUMMARY, DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES

NOTES: NAME OF 1ST DEFENDANT

─────── SERVICE DATA RECORDED ─────── DATE/TIME ───

☑ SERVED SUCCESSFULLY  ☐ UNABLE TO SERVE  NUMBER OF ATTEMPTS ____   12/3/25 / 1015

REMARKS: _____

─────── COPY SERVED UPON ───────

☐ Personally Delivered         ☐ Officer
☐ Copy Left With Competent     ☐ Registered Agent
Household Member               ☑ Agent Authorized to Accept
☐ Managing Agent               ☐ Person in charge at registered office of

Person Served: _Patricia Donahue_____ (Title/Relationship)

☐ IS IN THE MILITARY     ☐ IS NOT IN THE MILITARY

SEX:    ☐ MALE    ☑ FEMALE
SKIN:   ☑ WHITE  ☐ BLACK  ☐ YELLOW  ☐ BROWN  ☐ RED
HEIGHT: ☐ UNDER 5 FT  ☑ 5.0-5.6 FT  ☐ 5.7-6.0 FT  ☐ OVER 6'
WEIGHT: ☐ UNDER 100 LBS.  ☐ 100-150 LBS.  ☑ 151-200 LBS.  ☐ OVER 200 LBS.
HAIR:   ☐ BLACK  ☑ BROWN  ☐ BLONDE  ☐ GRAY  ☐ RED  ☐ WHITE  ☐ BALDING
AGE:    ☐ 14-20  ☐ 21-35  ☐ 36-50  ☑ 51-65  ☐ OVER 65

SWORN TO AND SUBSCRIBED
BEFORE ME ON: _____

_____
SIGNATURE
SHERIFF'S OFFICER OF UNION COUNTY
STATE OF NEW JERSEY