**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM F. THILLY,<br>Plaintiff,<br>v.<br>TOWNSHIP OF CRANFORD, *et al.*,<br>Defendants. | No. 26cv3 (EP) (ADS)<br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiff William F. Thilly brings this action against the Township of Cranford, its Township Committee, five Committee members, and the Township Attorney (collectively, "Defendants"),[1] alleging that they violated his constitutional and statutory rights by preventing him from speaking during the public comment portion of a municipal meeting. Plaintiff alleges that Defendants anticipated he would criticize Township policies and deliberately recessed the meeting to suppress his comments. Defendants contend that Plaintiff disregarded instructions governing the use of props, disrupted the meeting while handling a beach ball, and was never denied an opportunity to speak.

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 8-1 ("Motion" or "Mot.").[2] In reviewing the Motion, the Court analyzes whether

[1] Plaintiff filed this action against Defendant Township of Cranford (the "Township"), Defendant Township Committee (the "Committee"), the Township's Mayor Defendant Terrence Curran, the Township's Deputy Mayor Defendant Paul A. Gallo, the Township Attorney Defendant Thomas Slattery, and members of the Committee: Defendant Brian Andrews, Defendant Gina Black, and Defendant Kathleen Miller Prunty. Compl. ¶¶ 2–9. All individual defendants are sued in their individual and official capacities. *Id.*

[2] Defendants filed their notice of Motion at D.E. 8. For ease of reference, the Court refers to Defendants' memorandum of law as their Motion.

Plaintiff plausibly alleges that Defendants used an otherwise permissible meeting procedure to suppress his anticipated political speech or retaliate against him for his prior protected activity. The Court also considers Defendants' asserted immunity defenses and the sufficiency of Plaintiff's claims under New Jersey law.

The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons explained below, the Court will **GRANT** the Motion.

## I. BACKGROUND

### A. Factual Background[3]

Plaintiff is a resident of Cranford, New Jersey. D.E. 1 ("Notice of Removal") Ex. A ¶ 1 ("Complaint" or "Compl."). Plaintiff is a frequent attendee and contributor at meetings of the Committee, the legislative body that governs the Township. *See id.* ¶¶ 2–3, 13. His contributions are often outlandish and attention-grabbing. The public and the news media have taken notice of Plaintiff's unique approach to the public comment period. For instance, Plaintiff alleges that he breakdanced and performed a "wordless robot dance" during the public comment period of Committee meetings, where members of the public are permitted to give comments for five minutes at a time. *Id.* at 1–2. He has been featured in national news articles and livestreams of Committee meetings featuring Thilly's comments have generated substantially more views than meetings without him. *Id.* Plaintiff has criticized the Committee's prior decisions to grant tax exemptions to developers and has twice sued the Committee over a thirty-year tax exemption granted to a developer at 750 Walnut Avenue. *Id.* ¶¶ 34–35. Plaintiff also alleges that he has protested outside Cranford City Hall and previously ran for public office. *Id.* ¶ 82(b)–(c).

[3] For purposes of this Motion, the Court accepts Plaintiff's well-pleaded factual allegations as true and draws reasonable inferences in his favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

Plaintiff alleges that the Committee has repeatedly interfered with his public comments. *Id.* ¶ 13. On December 13, 2022, Committee members interrupted Plaintiff and limited his speaking time during a public meeting, leading to an earlier action in state court. *Id.* ¶ 14. On September 16, 2025, the Committee restricted the public's view of the Facebook livestream of Plaintiff's comments during a meeting. *Id.* ¶ 15. Plaintiff further alleges, by reference to a POLITICO article about the meeting, that the camera "which normally focuses on the public speaker" pointed instead at the Committee members during Plaintiff's public comment, and that Curran cut Plaintiff's public comment short, saying that he had forfeited his time by stepping away from the microphone. *Id.*

In the instant action, Plaintiff challenges Defendants' conduct at the Committee's November 10, 2025 meeting. *Id.* ¶ 17. At the outset of the meeting, Mayor Curran remarked that Committee meetings had "gone viral" over the past several months, and that the Township "faced a threat of a First Amendment lawsuit while trying to conduct professional meetings." *Id.* ¶ 18. Curran also criticized the influence of social media on public meetings, stating that it encouraged "hostility, harassment, and performative behavior" and turned "serious discussions into viral spectacles." *Id.* ¶ 19.

During the public comment portion of the meeting, Plaintiff approached the microphone holding a beach ball, intending to speak about the Committee's conduct and the Township's plans to close the town pool. *Id.* ¶ 20.[4] Plaintiff alleges that Defendants anticipated he would criticize

---

[4] Plaintiff references and links to the publicly available video recording of the November 10, 2025 Township Committee meeting in the Complaint. Compl. ¶ 20. Because the video recording is "explicitly relied upon in the [C]omplaint," the Court may consider it "without converting the motion to dismiss into one for summary judgment." *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted). The Court considers the video recording

the Committee again and feared that his comments would again attract widespread public attention. *Id.* ¶ 22. According to Plaintiff, Defendants interrupted him and prevented him from beginning his public comments. *Id.* ¶¶ 22, 27.

A recording of the meeting, which Plaintiff cites in his Complaint, depicts Mayor Curran telling Plaintiff that props are generally not allowed at Committee meetings and instructing him to keep the beach ball at the podium. *Id.* ¶ 20 (video at 34:46–34:59). Plaintiff then bounced the ball in the aisle and spun it on his finger before losing control of it, causing the ball to fall into the gallery. *Id.* (video at 34:59–35:26); *see also* Mot. at 4–5.

Mayor Curran then requested a motion to adjourn the Committee meeting. Compl. ¶ 23. Miller Prunty moved to recess, Black seconded the motion, and the Committee voted unanimously to recess the meeting. *Id.* All elected Committee members then left the dais together, without announcing when the meeting would resume. *Id.* ¶¶ 24, 26. Plaintiff alleges that Defendants recessed the meeting to suppress his anticipated criticism and retaliate against him for his prior speech protesting the Committee's award of tax exemptions to real estate developers. *Id.* ¶¶ 22, 26–27, 34.

Immediately after the Committee members walked out, a Cranford police officer approached Plaintiff and asked him to leave the meeting at Mayor Curran's request. *Id.* ¶ 30. Plaintiff declined to leave, but the officer remained beside him throughout the nearly nine-minute recess. *Id.* ¶ 31. During the recess, Township Attorney Slattery joined the officer and "rebuked Plaintiff in front of the public audience." *Id.* Plaintiff alleges that Slattery "tried to intimidate [him] alongside a Cranford police officer to attempt to control his remarks." *Id.* ¶ 32. When other

for what it depicts, without accepting disputed factual assertions as true or resolving competing inferences concerning the participants' conduct or motives.

attendees attempted to intervene "to defend Plaintiff . . . they were immediately silenced by [Slattery] and/or the Cranford police officer." *Id.* ¶ 38.

According to Plaintiff, the Committee never formally reconvened but nevertheless proceeded to receive public comments from other attendees. *Id.* ¶ 33. Plaintiff alleges that he was "denied an opportunity to comment." *Id.* The Complaint does not identify any subsequent attempt by Plaintiff to address the Committee or any refusal by the Committee to hear a renewed request to speak. *See id.* ¶¶ 30–33. Plaintiff also does not allege that the Committee conducted Township business outside public view during the recess. *See id.* ¶¶ 23–33, 52–63.

Plaintiff claims that Defendants' conduct caused him humiliation, emotional distress, a loss of meaningful participation in local government, and chilled his future political expression. *Id.* ¶¶ 29, 90.

**B. Procedural Background**

Plaintiff filed this action in the Superior Court of New Jersey on November 24, 2025. Defendants removed the action to this Court on January 2, 2026. Notice of Removal. Plaintiff asserts claims for violations of his right to free speech under 42 U.S.C. § 1983 and the New Jersey Constitution (Count I); violations of New Jersey's Open Public Meetings Act (Count II); violations of the New Jersey Civil Rights Act ("NJCRA") (Count III); violations of New Jersey's anti-SLAPP (strategic lawsuits against public participation) statute (Count IV); and retaliation (Count V). Compl. ¶¶ 41–91. Plaintiff also seeks declaratory relief (Count VI), asserts a claim for conspiracy to violate the NJCRA (Count VII), and alleges a violation of his right to petition under the New Jersey Constitution (Count VIII). *Id.* ¶¶ 92–108.[5]

[5] The Complaint contains two claims designated as Count VI. For clarity, the Court will refer to the second Count VI as Count VII and the Complaint's original Count VII as Count VIII throughout this Memorandum Order.

Defendants seek to dismiss the Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6). *See* Mot. Defendants argue that Plaintiff's conduct was not protected speech, that the Committee lawfully regulated his conduct and recessed the meeting, and that the individual Defendants are entitled to immunity. *Id.* Plaintiff opposed the motion, arguing that Defendants engaged in viewpoint discrimination and retaliation and that the motion improperly seeks to resolve disputed facts. D.E. 9 ("Opposition" or "Opp'n"). Defendants then replied. D.E. 10 ("Reply").

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits dismissal for failure to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true, construes them in the plaintiff's favor, and determines whether, under a reasonable reading of the pleading, the plaintiff may be entitled to relief. *Phillips*, 515 F.3d at 233. The defendant bears the burden of showing that dismissal is warranted. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

To survive a Rule 12(b)(6) motion, a plaintiff must plead enough factual matter to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court first identifies the elements of the claim, disregards allegations that are no more than legal conclusions, and then determines whether the well-pleaded factual allegations plausibly give rise to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787–89 (3d Cir. 2016). Plausibility requires enough factual content to permit a reasonable inference of liability and to raise a reasonable expectation that discovery will reveal evidence supporting the claim. *Id.* at 789; *Phillips*, 515 F.3d at 234.

### B. Federal Rule of Civil Procedure 8(a)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule imposes "minimal burdens" at the pleading stage and requires sufficient factual allegations to provide a defendant fair notice of the claim and the grounds on which it rests. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). The court's Rule 8(a) inquiry is context dependent and considers, among other things, the nature of the claim and the availability of information to the plaintiff. *Id.* Although a complaint need not contain detailed factual allegations, it must plead sufficient facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible when the factual allegations permit a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, conclusory statements and allegations that merely recite the elements of a cause of action are insufficient. *Id.* at 678–79.

## III. DISCUSSION

Defendants principally argue that Plaintiff's conduct was not protected speech and that the Committee lawfully enforced a content-neutral rule governing props during public comment. Mot. at 7–13. They also invoke qualified and absolute legislative immunity and seek dismissal of Plaintiff's claims under New Jersey law. *Id.* at 14–21. The Court first addresses the pleading deficiencies and immunity defenses, then considers whether Plaintiff has plausibly stated constitutional and statutory claims. For the reasons set forth below, the Court will **GRANT** Defendants' Motion.

### A. Claims Against Attorney Slattery

Plaintiff fails to allege sufficient facts to state a claim against Township Attorney Thomas Slattery. Plaintiff alleges that Slattery joined a police officer during the recess, "rebuked" Plaintiff,

attempted to "intimidate" him and "control his remarks," and silenced members of the public who intervened on his behalf. Compl. ¶¶ 31–32, 37–38.

The Court's Rule 8(a) inquiry is context dependent and considers, among other things, "the nature of the action, the sort of relief being sought, the availability of information." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). Here, Plaintiff has failed to allege anything other than conclusory characterizations. Plaintiff does not describe what Slattery said or did to restrict his speech, identify any directive or threat Slattery issued, or explain how Slattery's conduct prevented him from addressing the Committee. Plaintiff has thus failed to allege that Slattery's actions violated any of Plaintiff's asserted rights under federal or state law. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

Accordingly, the Court will **DISMISS** ***without prejudice*** Plaintiff's civil rights claims against Slattery.

**B. Immunity of the Individual Defendants**

The Court next considers Defendants' argument that the individual Defendants are shielded from liability by absolute legislative immunity and qualified immunity. Mot. at 14–21. The Court will address each argument in turn. For the reasons that follow, absolute legislative immunity does not apply, and the Court need not reach qualified immunity.

*1. Absolute legislative immunity*

Defendants argue that the individual Defendants are entitled to absolute legislative immunity because the Township Committee voted to recess the November 10, 2025 meeting. Mot. at 19–21. They contend that managing a legislative session is itself a legislative function and that the vote to recess therefore constitutes a legislative act protected by absolute immunity, regardless of any alleged retaliatory motive. *Id.* at 20–21. The Court disagrees.

Local legislators are entitled to absolute immunity under § 1983 for acts within the sphere of legitimate legislative activity. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). The Third Circuit has held that an act must be both substantively and procedurally legislative to qualify for immunity. *Acierno v. Cloutier*, 40 F.3d 597, 610 (3d Cir. 1994). "An act is substantively legislative if it involves policy-making of a general purpose or line-drawing." *In re Montgomery Cnty.*, 215 F.3d 367, 376 (3d Cir. 2000) (citation omitted). An act "is procedurally legislative if it is undertaken by means of established legislative procedures." *Id.* Therefore, a formal vote does not itself establish legislative immunity. *See id.* at 376–77 (denying immunity to commissioners who voted to terminate an individual employee).

Here, Plaintiff alleges that Mayor Curran requested a recess after Plaintiff approached the podium to speak, Committee member Miller Prunty moved to recess, Committee member Black seconded the motion, and the Committee unanimously approved it. Compl. ¶¶ 20–24. Although the Committee acted through a formal vote, the recess concerned the management of public participation rather than policymaking. The vote to recess was therefore not substantively legislative. *See In re Montgomery Cnty.*, 215 F.3d at 376–77; *see also Norse v. City of Santa Cruz*, 629 F.3d 966, 977 (9th Cir. 2010) (en banc) (city officials were not entitled to legislative immunity for expelling an attendee from city council meetings). Nor were Curran's alleged direction to a police officer to ask Plaintiff to leave or Township Attorney Slattery's alleged efforts to restrict Plaintiff's comments legislative acts. Compl. ¶¶ 30–33.

Accordingly, Defendants are not absolutely immune from Plaintiff's claims.

2. *Qualified immunity*

Defendants argue that the individual Defendants are entitled to qualified immunity because no clearly established law prohibits temporarily recessing a public meeting. Mot. at 16–19.

Qualified immunity protects "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because the individual Defendants are municipal officials sued for actions taken in the exercise of their governmental responsibilities, they may invoke qualified immunity. *Mirabella v. Villard*, 853 F.3d 641, 648 (3d Cir. 2017). To establish entitlement to immunity, Defendants must show that Plaintiff has not adequately pleaded "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).

The Court need not resolve this question since, as explained *infra*, Plaintiff fails to plausibly allege a constitutional violation.

### C. First Amendment and Related Claims

Defendants seek dismissal of Plaintiff's viewpoint discrimination claims under the First Amendment and New Jersey Constitution (Count I), his related New Jersey Civil Rights Act ("NJCRA") claim (Count III), his retaliation claim (Count V), and his right-to-petition claim under the New Jersey Constitution (Count VIII), arguing that Plaintiff's handling of a beach ball was not protected speech and that the Township Committee merely enforced a content-neutral rule requiring props to remain at the podium. Mot. at 7–13. Because these claims substantially overlap on the merits, the Court addresses them together. For the reasons explained below, the Court will **GRANT** Defendants' Motion as to the viewpoint discrimination claims in Counts I and III, the retaliation claim in Count V, and the right-to-petition claim in Count VIII, and will accordingly **DIMISS** ***without prejudice*** those claims.

1. *Viewpoint discrimination claims under 42 U.S.C. § 1983 and the NJCRA*

The Court first addresses Plaintiff's viewpoint discrimination claims under Counts I and III. The First Amendment protects political speech during the public comment portion of government meetings. *City of Madison, Joint Sch. Dist. No. 8 v. Wis. Emp. Rels. Comm'n*, 429 U.S. 167, 175–76 (1976); *see also Besler v. Bd. of Educ. of W. Windsor-Plainsboro Reg'l Sch. Dist.*, 201 N.J. 544, 570 (2010).

Plaintiff characterizes the Township Committee's public comment period as a limited public forum, in which restrictions must be reasonable and viewpoint neutral. Opp'n at 6; *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 106–07 (2001). Defendants do not expressly classify the forum but argue that requiring props to remain at the podium is a permissible content-neutral restriction. Mot. at 10–12; Reply at 8–9. The Third Circuit has recognized that "[w]hether the citizen's forum was a general public forum or a limited public forum is a close question." *Eichenlaub*, 385 F.3d at 281. The Court need not resolve whether the public comment period is a limited public forum or a general public forum here.

Regardless of the forum's classification, officials may take reasonable, viewpoint-neutral measures to maintain order and prevent disruption during public meetings. *See Eichenlaub*, 385 F.3d at 281–82; *Besler*, 201 N.J. at 570–71. As the Supreme Court has recognized, "public bodies may confine their meetings to specified subject matter." *City of Madison, Joint Sch. Dist. No. 8 v. Wis. Emp. Rels. Comm'n*, 429 U.S. 167, 175 n.8 (1976). Restrictions on the time, place, or manner of speech must, among other requirements, be "justified without reference to the content of the regulated speech." *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989). In addition, the government may not restrict speech when "the specific motivating ideology or the opinion or

perspective of the speaker" supplies the justification. *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995).

The Township's rule requiring that props remain at the podium during public comment periods is viewpoint neutral, and Plaintiff has failed to plead specific facts that Defendants applied the rule in a viewpoint-discriminatory manner. *See Ward*, 491 U.S. at 791; *Besler*, 201 N.J. at 570–71. In *Filipowski v. Stack*, a court in this District concluded that a rule requiring public commenters to remain at a podium was a permissible content-neutral restriction and dismissed a First Amendment claim where the plaintiff pleaded no facts showing viewpoint-discriminatory enforcement. No. 25-1666, 2025 WL 2731067, at *3 (D.N.J. Sept. 25, 2025). Here, Plaintiff likewise fails to plead sufficient facts showing that Defendants' enforcement of the rule requiring props to remain at the podium in a viewpoint-discriminatory manner.

Plaintiff alleges that he approached the microphone intending to criticize Township policies and that Defendants immediately recessed the meeting to prevent him from speaking because they anticipated that criticism. Compl. ¶¶ 20–27. Defendants argue that the recess instead came after Plaintiff failed to follow Mayor Curran's instruction to keep the beach ball at the podium, relying on the video recording that Plaintiff links in his Complaint. Mot. at 4–5, 10–13; Compl. ¶ 20. Because Plaintiff relies on that recording in his Complaint, the Court may consider its contents without converting the Motion into a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.

While Plaintiff alleges that Defendants recessed the meeting because they anticipated his criticism of Township tax policies based on his prior public comments and threats of litigation against the Township, Compl. ¶¶ 13–19, 22, 26–27, those allegations do not plausibly establish

that Defendants recessed the meeting because of Plaintiff's viewpoint rather than due to concerns about his conduct, *see Eichenlaub*, 385 F.3d at 281–82; *Filipowski*, 2025 WL 2731067, at *3.

Plaintiff also fails to plausibly allege that he was denied an opportunity to address the Committee after the recess. Compl. ¶ 33. The Complaint acknowledges that Plaintiff remained at the meeting and that public comments continued after the recess was over, *id.* ¶¶ 30–33, but does not state that Plaintiff attempted to address the Committee following the recess and was prevented from doing so. Nor does Plaintiff allege that other speakers were permitted to disregard decorum restrictions that the Committee enforced against Plaintiff. In other words, even though Plaintiff asserts that he was denied an opportunity to offer a public comment, he offers no facts in support of that allegation and fails to explain how that alleged exclusion was connected to his viewpoint. *See Iqbal*, 556 U.S. at 678–79.

The Court recognizes that a purportedly neutral justification for restricting speech cannot shield viewpoint discrimination. *See Monteiro*, 436 F.3d at 403–05. Here, however, the pleaded facts do not plausibly support the inference that Defendants used the recess or the restriction on props to suppress Plaintiff's anticipated political criticism. The Complaint therefore fails to state a First Amendment viewpoint-discrimination claim. *See Iqbal*, 556 U.S. at 678–79; *Eichenlaub*, 385 F.3d at 281–82. The same deficiency defeats Plaintiff's corresponding theory under the NJCRA. *See Besler*, 201 N.J. at 570–71; N.J. Stat. Ann. § 10:6-2(c).

Accordingly, the Court will **GRANT** the Motion as to Plaintiff's viewpoint discrimination claims in Count I and the corresponding constitutional claims under the NJCRA in Count III and will **DISMISS *without prejudice*** those claims accordingly.[6]

---

[6] Defendants also argue that Plaintiff's handling of the beach ball was not protected expressive conduct. Mot. at 7–9. The Court need not resolve that question because Plaintiff's claims rest

*2. Retaliation claim under 42 U.S.C. § 1983 and the NJCRA*

Plaintiff also asserts a claim for First Amendment retaliation in Count V. "To plead retaliation for the exercise of First Amendment rights, a plaintiff must allege (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Mirabella*, 853 F.3d at 649 (3d Cir. 2017) (citations omitted).

Plaintiff alleges that Defendants retaliated against him for his prior criticism of Township tax exemptions and prior political speech by recessing the meeting to prevent his public comment, denying him an opportunity to speak after the recess, and directing a police officer to ask him to leave. Compl. ¶¶ 23–24, 30, 33–35, 82–88. Plaintiff also supports his retaliation claim with the same theory as his viewpoint discrimination claim, relying on the prior interruptions of his public comments, his attorney's threatened lawsuit, and the timing of the recess as evidence of Defendants' retaliatory motive. *Id.* ¶¶ 13–24, 34, 39.

Even assuming that the alleged actions could "deter a person of ordinary firmness from exercising his constitutional rights," *see Mirabella*, 853 F.3d at 649, Plaintiff fails to plausibly allege a causal link to his prior protected activity, and his allegations are conclusory. Plaintiff's retaliation theory suffers from the same problem as his viewpoint discrimination theory. Again, he has failed to plausibly establish that Defendants acted in retaliation for his prior political criticism rather than to address his conduct during the meeting. *See Mirabella*, 853 F.3d at 649–50; *Eichenlaub*, 385 F.3d at 281–82.

---

on the alleged suppression of his anticipated political speech, rather than the expressive nature of his conduct with the beach ball.

The same reasoning applies to Plaintiff's claim under Article I, Paragraph 18 of the New Jersey Constitution, which protects the right to make opinions known to government representatives and to petition for redress (Count VIII). N.J. Const. art. I, ¶ 18. Plaintiff bases that claim on the same alleged exclusion from public comment. Compl. ¶¶ 106–08; Mot. at 9, 13. Likewise, the NJCRA provides a cause of action for deprivations, under color of law, of rights secured by the federal or state constitutions. N.J. Stat. Ann. § 10:6-2(c). Because Plaintiff fails to plausibly allege an underlying constitutional deprivation, his corresponding NJCRA claim also fails. Compl. ¶¶ 65–74. The Court will therefore **GRANT** Defendants' Motion as to Counts V and VIII and will **DISMISS *without prejudice*** those claims.[7]

*3. Conspiracy claim under NJCRA*

Plaintiff has also failed to state an NJCRA conspiracy claim (Count VII). Plaintiff alleges that Defendants entered an express or implied agreement to deprive him of his constitutional rights. Compl. ¶ 101. However, Plaintiff's factual allegations underlying this purported agreement consist principally of the Committee's unanimous recess vote, the members' collective departure, and the subsequent involvement of a police officer. *Id.* ¶¶ 23–24, 30, 102. Although these allegations establish coordinated action, they do not plausibly allege an agreement to violate Plaintiff's rights. Plaintiff offers no additional factual allegations supporting such an agreement beyond his

[7] Plaintiff's Complaint includes a paragraph of allegations that Defendants violated Plaintiff's due process and equal protection rights under the NJCRA but does not assert those violations as a separate cause of action. Compl. ¶ 75. To the extent that Plaintiff intends to plead independent due process and equal protection violations under the NJCRA, those claims fail. Plaintiff does not identify what process he was constitutionally entitled to receive or allege facts supporting a due process violation distinct from the alleged suppression of his speech. Nor does Plaintiff allege that the other residents who were permitted to speak engaged in comparable conduct or were otherwise similarly situated to him. Without additional factual support, these allegations do not plausibly allege independent due process or equal protection violations. *See Iqbal*, 556 U.S. at 678–79.

conclusory assertion that Defendants conspired against him. *See Twombly*, 550 U.S. at 556–57 (explaining that allegations of parallel conduct, without additional facts plausibly suggesting an unlawful agreement, are insufficient to state a conspiracy claim). Accordingly, the Court will **DISMISS *without prejudice*** Plaintiff's NJCRA conspiracy claim (Count VII).

*4. Declaratory relief*

Plaintiff also seeks declaratory relief in Count VI based on the constitutional and statutory violations alleged elsewhere in the Complaint. Compl. ¶¶ 92–97. Because declaratory relief is a remedy rather than an independent cause of action, it is procedurally improper to assert it as a separate count. Accordingly, the Court will **DISMISS *with prejudice*** Count VI as an independent claim.

**D. New Jersey Open Public Meetings Act Claim**

Defendants next move to dismiss Count II of Plaintiff's Complaint under the New Jersey Open Public Meetings Act ("OPMA"), arguing that the statute does not prohibit a governing body from recessing a public meeting. Mot. at 14–15. Plaintiff responds that Defendants used the recess to suppress his public comment. Opp'n at 18–20. The Court agrees with Defendants.

OPMA permits "any person" to seek invalidation of official action taken in violation of the statute or prospective relief to ensure compliance. N.J. Stat. Ann. §§ 10:4-15–16. Plaintiff's allegations of repeated interference with his public participation and a risk of recurrence sufficiently establish standing to seek prospective relief. Compl. ¶¶ 13–16, 20–31, 64. Nevertheless, Plaintiff must plausibly allege an OPMA violation. OPMA requires public meetings to remain open and municipal governing bodies to provide an opportunity for public comment, while permitting regulation of public participation. N.J. Stat. Ann. § 10:4-12(a).

Plaintiff alleges that Defendants recessed the meeting to prevent him from speaking without complying with procedures governing closed sessions. Compl. ¶¶ 52–63. However, Plaintiff acknowledges that the Committee voted to recess and subsequently resumed public comment. Compl. ¶¶ 23, 33. He does not allege that the Committee conducted governmental business outside public view during the recess.

OPMA does not prohibit a temporary recess or require closed-session procedures when a public body merely suspends its proceedings. Plaintiff's allegations concerning Defendants' motives do not plausibly establish an OPMA violation. Although Plaintiff alleges that Defendants permitted others, but not him, to speak after the recess, Compl. ¶ 33, that alleged selective exclusion does not, without more, establish a violation of OPMA's requirement to provide an opportunity for public comment under N.J. Stat. Ann. § 10:4-12(a). Accordingly, the Court will **DISMISS *without prejudice*** Plaintiff's OPMA claim (Count II).

### E. Violation of the Uniform Public Expression Protection Act (Count IV)

New Jersey's Uniform Public Expression Protection Act ("UPEPA") provides a procedural mechanism for seeking dismissal of certain claims arising from protected expression, but does not contain an independent cause of action. Plaintiff here improperly asserts a claim under UPEPA as Count IV of his Complaint. Accordingly, the Court will **DISMISS *with prejudice*** Count IV as procedurally improper.

## IV. CONCLUSION AND ORDER

Accordingly,

**IT IS**, on this **24th** day of November, 2026,

**ORDERED** that Defendants' Motion to Dismiss, D.E. 8, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against Defendant Thomas Slattery under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, Plaintiff's viewpoint discrimination claims in Counts I and III, Plaintiff's retaliation claim in Count V and right-to-petition claim in Count VIII, Plaintiff's independent due process and equal protection claims in Count III, Plaintiff's New Jersey Open Public Meetings Act claim in Count II, and Plaintiff's NJCRA conspiracy claim in Count VII are **DISMISSED *without prejudice***; and it is further

**ORDERED** that Plaintiff's New Jersey Uniform Public Expression Protection Act claim in Count IV and declaratory judgment cause of action in Count VI are **DISMISSED *with prejudice***; and it is finally

**ORDERED** that Plaintiff may file an amended complaint curing the deficiencies identified herein within **30 days** of this Order.

Evelyn Padin, U.S.D.J.